UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

WILLIAM TOMLINSON AND                    CIVIL ACTION NO. 6:11-cv-01949
BOBBYE TOMLINSON

VERSUS                                   JUDGE MELANÇON

LIBERTY INSURANCE                        MAGISTRATE JUDGE HANNA
CORPORATION AND
McILHENNY COMPANY


**ORDER OF REMAND**


Having performed a *sua sponte* jurisdictional review,[1] the undersigned has

determined that this Court lacks subject-matter jurisdiction over this action for the

reasons fully explained below.  Accordingly, this action will be remanded to the state

court from which it originated.


**ANALYSIS**

This lawsuit was originally filed in the 16th Judicial District Court, Iberia

Parish, Louisiana.  The defendants, Liberty Insurance Corporation and McIlhenny

Company, then removed the action to this forum, alleging that this Court has subject-

---

[1]     *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) ("United States District Courts and Courts of Appeals have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking.)

matter jurisdiction because the parties are diverse in citizenship and the amount in controversy exceeds the statutory jurisdictional threshold of $75,000.  (Rec. Doc. 1).

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[2]  Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[3] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[4]  The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[5]  Therefore, when an action is removed from state court, the removing party bears the burden of proving that federal jurisdiction exists.[6]  In this case, the defendants must bear that burden.

The defendants contend that the parties are diverse in citizenship.  In their petition, the plaintiffs stated that they are citizens of the State of Tennessee.  (Rec. Doc. 1-1 at 1).  In the removal notice, the defendants stated that defendant Liberty is

---

[2]   *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010).

[3]   28 U.S.C. § 1331.

[4]   28 U.S.C. § 1332.

[5]   *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[6]   *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

a Massachusetts corporation with its principal place of business in Massachusetts (Rec. Doc. 1 at 2) and that defendant McIlhenny is a Maine corporation with its principal place of business in Maine.  Therefore, under 28 U.S.C. § 1332(c)(1), Liberty is a citizen of Massachusetts and McIlhenny is a citizen of Maine.  Based on these representations, the undersigned found that the parties are diverse in citizenship. (Rec. Doc. 9 at 2).

The undersigned was unable, however, to determine from the allegations set forth in the plaintiffs' petition whether the jurisdictional threshold was satisfied with regard to the amount in controversy.  (Rec. Doc. 9 at 2).

The amount in controversy is the sum claimed by the plaintiff in his complaint if the claim was apparently made in good faith.[7]  To justify remand, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."[8]  When the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.[9]  This burden can be satisfied either by demonstrating

---

[7]     *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253; *De Aguilar v. Boeing Co*., 47 F.3d at 1408; *Nat'l Union Fire Ins. Co. of Pittsburgh v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992).

[8]     *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253, quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

[9]     *Simon v. Wal–Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir. 1995).

that the amount in controversy is facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount.[10]  "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled.  The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional amount]."[11]  Thus, the district court must first examine the complaint to determine whether it is facially apparent that the plaintiff's claims exceed the jurisdictional threshold; if it is not facially apparent, the court may then rely on summary-judgment-type evidence to ascertain the amount in controversy.[12]  Any doubts as to the propriety of removal should be construed strictly in favor of remand.[13]

---

[10]      *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[11]      *De Aguilar v. Boeing*, 47 F.3d at 1412 (emphasis in original).

[12]      *Luckett v. Delta Airlines*, 171 F.3d at 298; *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[13]      *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

In Louisiana, plaintiffs are not permitted to plead a specific dollar amount of damages.[14]  Therefore, the original petition filed in this lawsuit does not request recovery of a specific amount.  In such a case, the removing defendants must either (1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[15]

Although the plaintiffs alleged in their petition that the amount in controversy exceeds $50,000 (the amount necessary for them to request trial by jury in the original state-court proceeding), neither the petition nor the removal notice explained the nature or extent of Mr. Tomlinson's injuries, the type of medical care he received, the amount of medical costs Mr. Tomlinson incurred before filing suit, or the amount of medical costs he is likely to incur in the future.  The undersigned therefore concluded that the jurisdictional amount was not "facially apparent" from the complaint because the facts alleged were insufficient for the undersigned to determine whether the amount in controversy exceeds the jurisdictional requirement.  (Rec. Doc. 9 at 3).

---

[14]     Louisiana Code of Civil Procedure Article 893(A)(1).  See, also, *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 388 (5th Cir. 2009).

[15]     *St. Paul Reinsurance*, 134 F.3d at 1253.

The undersigned ordered the defendants to submit a memorandum setting forth specific facts that support a finding that the amount in controversy exceeds the jurisdictional minimum and to support those facts with summary-judgment-type evidence. (Rec. Doc. 9 at 3). The defendants complied with that order. (Rec. Doc. 10). The plaintiffs were allowed an opportunity to respond to the defendants' submission, but they did not do so within the time allotted. The undersigned now finds that the defendants have not satisfied their burden of proof with regard to the amount in controversy.

The defendants' memorandum (Rec. Doc. 9) establishes that Mr. Tomlinson sustained a broken nose in the incident sued upon, and that he has incurred related medical expenses of approximately $9,000. The defendants argued that when those special damages are added to the value of Mr. Tomlinson's claim for general damages and to the value of Mrs. Tomlinson's claim for loss of consortium, the amount in controversy exceeds the jurisdictional minimum.

The undersigned disagrees and finds that the defendants have not sustained their burden of proving by a preponderance of the evidence that the amount in controversy in this lawsuit exceeds $75,000.

First, the value of Mrs. Tomlinson's loss of consortium claim is irrelevant. Plaintiffs ordinarily may not aggregate their damage claims in order to satisfy the

-6-

requisite jurisdictional minimum.  Instead, "[t]he general rule is that each plaintiff who invokes diversity of citizenship jurisdiction must allege damages that meet the dollar requirement of § 1332."[16]  Therefore, Mrs. Tomlinson's loss of consortium claim cannot be combined with Mr. Tomlinson's claim in an effort to establish the amount in controversy.

Second, the cases the defendants cited as supporting particular awards for general damages are factually different from this one, presenting much more serious damages than those documented in the defendants' submission.  The undersigned finds that the defendants have merely speculated regarding the damages they might recover Mr. Tomlinson's general damages, without proving the amount of a likely recovery.

Consequently, the undersigned also finds that this Court lacks jurisdiction over this action.  Accordingly,

**IT IS ORDERED** that this matter shall be remanded to the 16th Judicial District Court for the Parish of Iberia, State of Louisiana, because this Court lacks subject-matter jurisdiction.

This Order shall be **STAYED** for fourteen days from the date of issuance.  Any appeal to the District Judge must be filed within fourteen days from the date of this

---

[16]     *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995).

Order.  If an appeal is taken to the District Judge, the Order shall remain stayed until the appeal is decided.  If no timely appeal is filed, the clerk shall remand the action forthwith.

Signed at Lafayette, Louisiana, on this 7th day of August 2012.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE